**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RELENTLESS, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. DEPARTMENT OF COMMERCE, | : | Civil Action No. 1:20-cv-00108-WES-PAS |
| et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants, the U.S. Department of Commerce, Wilbur Ross, in his official capacity as Secretary of Commerce, the National Oceanic and Atmospheric Administration ("NOAA"), Neil Jacobs, in his official capacity as Acting Administrator of NOAA, the National Marine Fisheries Service ("NMFS"), and Chris Oliver, in his official capacity as the Assistant Administrator for NOAA Fisheries, by and through their undersigned counsel, answer the Complaint (ECF 1) as follows:

1.      The allegations in Paragraph 1 consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

2.      The allegations in Paragraph 2 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

3.      The allegations in Paragraph 3 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

4.      The allegations in Paragraph 4 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

5.      The allegations in Paragraph 5 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

6.      The allegations in Paragraph 6 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants further aver that they have filed a motion to transfer this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).  ECF 10.

7.      The allegations in Paragraph 7 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

8.      The allegations in Paragraph 8 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 9 and deny them on that basis.  Defendants admit the allegation in the fifth sentence of Paragraph 9 that Relentless, Inc. has been issued an Atlantic herring Category A permit for the F/V Relentless, but denies the remaining allegations in the fifth sentence of Paragraph 9.  Defendants admit the allegation in the sixth sentence of Paragraph 9 that the F/V Relentless will be subject to the industry-funded at-sea monitoring requirement, but denies the remaining allegations in that sentence.  Defendants deny the allegations in the seventh sentence of Paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 10 and deny them on that basis.  Defendants admit the allegation in the fifth sentence of Paragraph 10 that

Huntress, Inc. has been issued an Atlantic herring Category A permit for the F/V Persistence, but deny the remaining allegations in the fifth sentence of Paragraph 10.  Defendants admit the allegation in the sixth sentence of Paragraph 10 that the F/V Persistence will be subject to the industry-funded at-sea monitoring requirement, but denies the remaining allegations in that sentence.  Defendants deny the allegations in the seventh sentence of Paragraph 10.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 11 and deny them on that basis.  Defendants admit the allegation in the fourth sentence of Paragraph 11 that the F/Vs Relentless and Persistence will be subject to the industry-funded at-sea monitoring requirement, but deny the remaining allegations in the fourth sentence of Paragraph 11.  Defendants deny the allegations in the fifth sentence of Paragraph 11.

12.     Defendants admit the allegation in the first sentence of Paragraph 12 that the Department of Commerce is a cabinet-level agency of the United States of America.  The allegations in the second sentence of Paragraph 12 are conclusions of law to which no response is required, and purport to characterize the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

13.     Defendants admit the allegations in the first sentence of Paragraph 13.  The allegations in the second sentence of Paragraph 13 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

14.     Defendants admit the allegations in the first sentence of Paragraph 14. Defendants deny the allegations in the second sentence of Paragraph 14 and aver that Chris Oliver, in his official capacity as the Assistant Administrator for NOAA Fisheries has delegated

authority to act on behalf of the Secretary of Commerce. Defendants admit that NOAA promulgated the New England Fishery Management Council's Omnibus Industry Funded Monitoring Amendment Final Rule. The remaining allegations in Paragraph 14 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

15.     Defendants admit the allegations in the first sentence of Paragraph 15. The allegations in the second sentence of Paragraph 15 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

16.     Defendants admit the allegations in the first sentence of Paragraph 16. The allegations in the second sentence of Paragraph 16 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

17.     Defendants admit the allegations in the first sentence of Paragraph 17. The allegations in the second sentence of Paragraph 17 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

18.     The allegations in Paragraph 18 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

19.     The allegations in Paragraph 19 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

20.     The allegations in Paragraph 20 and sub-paragraphs (a) through (e) are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

21.     The allegations in Paragraph 21 and sub-paragraphs (a) through (c) are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

22.     The allegations in Paragraph 22 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

23.     The allegations in Paragraph 23 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

24.     The allegations in Paragraph 24 and sub-paragraphs (a) and (b) are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

25.     The allegations in Paragraph 25 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

26.     The allegations in Paragraph 26 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

27.     The allegations in Paragraph 27 and sub-paragraphs (a) through (c) are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

28.     The allegations in Paragraph 28 are conclusions of law to which no response is required, and purport to characterize the Regulatory Flexibility Act ("RFA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

29.     The allegations in Paragraph 29 are conclusions of law to which no response is required, and purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

30.     The allegations in Paragraph 30 are conclusions of law to which no response is required, and purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

31.     The allegations in Paragraph 31 are conclusions of law to which no response is required, and purport to characterize the RFA and 50 C.F.R. § 200.2, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

32.      Defendants admit the allegations in Paragraph 32.

33.      Defendants admit the allegations in Paragraph 33.

34.      Defendants admit the allegation in Paragraph 34 that Atlantic herring are generally considered a forage species but the remaining allegations in Paragraph 34 are vague and ambiguous and are denied on that basis.

35.      The allegations in the first sentence of Paragraph 35 are vague and ambiguous and are denied on that basis.  Defendants admit the allegations in the second sentence of Paragraph 35.  Defendants admit the allegations in the third sentence that the commercial Atlantic herring fishery has landed over $20 million in Atlantic herring each year from 2011 to 2018, but deny that the fishery landed $20 million in Atlantic herring in the years 2010 and 2019.

36.      The allegations in the first and second sentences of Paragraph 36 purport to characterize the Northeast Fisheries Science Center's most recent stock assessment for Atlantic herring, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the third sentence of Paragraph 36 are conclusions of law to which no response is required, and purport to characterize 84 Fed. Reg. 2,760 (Feb. 8, 2019), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

37.      Defendants admit the allegations in Paragraph 37.

38.      Defendants admit the allegations in Paragraph 38.

39.      Defendants admit the allegations in the first sentence of Paragraph 39 and further aver that the eighth and ninth amendments to the Atlantic Herring Fishery Management Plan (Mar. 8, 1999) ("Atlantic herring FMP") have been approved, but the final rules implementing

them are pending.  Defendants admit the allegations in the second sentence of Paragraph 39 that there are currently three framework adjustments to the Atlantic herring FMP under development, but deny the remaining allegations in the second sentence of Paragraph 39.

40.     The allegations in Paragraph 40, sub-paragraphs (a) through (f), and footnote 1 purport to characterize the Atlantic herring FMP, amendments, and framework adjustments, which speaks for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

41.     The allegations in the first sentence of Paragraph 41 purport to characterize, without citation or attribution, final rules, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of Paragraph 41 purport to characterize 81 Fed. Reg. 75,731 (Nov. 1, 2016) and 85 Fed. Reg. 4,932 (Jan. 28, 2020), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

42.     Defendants admit the allegations in the first sentence of Paragraph 42.  The allegations in the second sentence and sub-paragraphs (a) through (c) of Paragraph 42 purport to characterize, without citation or attribution, information that appears on the NOAA Fisheries website, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

43.     Defendants admit that most Atlantic herring landings are made by vessels using midwater trawlers and vessels using purse seine gear, but the remaining allegations in Paragraph 43 are vague and ambiguous and are denied on that basis.

44.     The allegations in Paragraph 44 and sub-paragraphs (a) through (c) purport to characterize the Atlantic herring FMP and 50 C.F.R. § 648.200, which speak for themselves and provides the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

45.     The allegations in the first sentence of Paragraph 45 purport to characterize 50 C.F.R. § 648.4, 50 C.F.R. § 648.204, and the NOAA Fisheries website, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of Paragraph 45 are conclusions of law to which no response is required, and purport to characterize the Omnibus Amendment and Final Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the first and second sentences of Paragraph 45(a) purport to characterize 50 C.F.R. § 648.4(a)(10)(iv)-(v), 50 C.F.R. § 648.204, and the Atlantic herring FMP, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  Defendants admit the allegations in the third sentence of Paragraph 45(a).  The allegations in Paragraph 45(b) purport to characterize 50 C.F.R. § 648.4(a)(10)(iv)-(v), 50 C.F.R. § 648.204, and the Atlantic herring FMP, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

46.     Defendants admit the allegation in Paragraph 46 that the Atlantic herring fishery is managed using a fishing year that begins January 1 and ends December 31 each year, but the remaining allegations in Paragraph 46 are vague and ambiguous and are denied on that basis.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 47 and deny them on that basis.  Defendants admit the allegations in the third sentence of Paragraph 47.

48.     Defendants admit the allegation in Paragraph 48 that the F/Vs Relentless and Persistence are permitted to, and have landed, Loligo and Illex squids (*Doryteuthis (Amerigo) pealeii* and *Illex illecebrosus*, respectively), butterfish (*Peprilus triacanthus*), and Atlantic mackerel (*Scomber scombrus*), but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and deny them on that basis.

49.     Defendants admit the allegations in Paragraph 49 that F/Vs Relentless and Persistence hold permits for several fisheries and are authorized to operate under Category A permits when fishing for Atlantic herring, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and deny them on that basis.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and deny them on that basis.

51.     Defendants admit the allegations in Paragraph 51 and stated in the caption to Figure 5.

52.     Defendants admit the allegation in Paragraph 52 that, prior to their intended trip, fishing vessels participating in the Atlantic herring fishery holding Category A and B permits are required to notify NMFS of their intended trip, but deny the remaining allegations in Paragraph 52.  Defendants further aver that, effective April 1, 2020, such fishing vessels are required to notify for coverage via the pre-trip notification system.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 53 and deny them on that basis. Defendants deny the allegations in the second sentence of Paragraph 53.

54.     Defendants admit the allegation in Paragraph 54 that it is generally possible for a fishing vessel to declare a trip for the herring or mackerel fishery and also fish for squid or butterfish in compliance with requirements for those fisheries, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and deny them on that basis.

55.     Defendants deny the allegations in the first sentence of Paragraph 55, but aver that it is possible that some vessels participating in the Atlantic herring fishery may be required to carry an at-sea monitor on a declared herring trip that does not result in harvesting herring.  The allegations in the second sentence of Paragraph 55 to characterize the Omnibus Amendment and Final Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants lack knowledge or information sufficient to form a response to the allegations in Paragraph 57 and deny them on that basis.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and sub-paragraphs (a) through (c), and deny them on that basis.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and deny them on that basis.

60.     The allegations in the first sentence of Paragraph 60 purport to characterize the contents of the New England Fishery Management Council ("NEFMC") website, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of Paragraph 60 purport to characterize the Omnibus Amendment and Final Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

61.     The allegations in the first sentence of Paragraph 61 are vague and ambiguous and are denied on that basis.  The allegations in the second sentence of Paragraph 61 purport to characterize comment letters submitted by Seafreeze Ltd., which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in Paragraph 61(a) purport to characterize a comment letter submitted by Seafreeze Ltd., which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in Paragraph 61(b) purport to characterize a comment letter submitted by Seafreeze Ltd., which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

62.     The allegations in the first sentence of Paragraph 62 purport to characterize comment letters submitted by Seafreeze Ltd., which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in Paragraph 62(a) purport to characterize a comment letter submitted by Seafreeze Ltd., which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The

allegations in Paragraph 62(b) purport to characterize a comment letter submitted by Seafreeze Ltd., which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in Paragraph 62(c) purport to characterize a comment letter submitted by Seafreeze Ltd., which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

63.     The allegations in Paragraph 63 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

64.     The allegations in Paragraph 64 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

65.     Defendants deny the allegations in the first sentence of Paragraph 65 and aver that NMFS published the Notice of Availability.  The allegations in the second sentence of Paragraph 65 purport to characterize 83 Fed. Reg. 47,326 (Sept. 19, 2018), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

66.     The allegations in Paragraph 66 purport to characterize a decision by the Mid-Atlantic Fishery Management Council ("MAFMC") as made available on MAFMC's website, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

67.     Defendants admit the allegation in Paragraph 67 that the proposed rule was published in the Federal Register on November 7, 2018, but the remaining allegations in

Paragraph 67 purport to characterize 83 Fed. Reg. 55,665 (Nov. 7, 2018), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

68.     Defendants admit that Seafreeze Ltd. and members of the Atlantic herring fleet submitted comments during the comment period on the proposed rule, but lack knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 68, and deny them on that basis. The allegations in the second sentence of Paragraph 68 purport to characterize comment letters submitted by Seafreeze Ltd. and others, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in Paragraph 68(a) purport to characterize a comment letter submitted by Seafreeze Ltd., which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

69.     The allegations in Paragraph 69 purport to characterize the Final Rule and a letter from the Secretary of Commerce to the NEFMC, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

70.     The allegations in Paragraph 70 purport to characterize a presentation made at a January 30, 3003 NEFMC meeting, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

71.     Defendants admit the allegation in Paragraph 71 that the Final Rule was published on February 7, 2020, but the remaining allegations in Paragraph 71 purport to characterize the

Final Rule, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

72. The allegations in Paragraph 72 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

73. The allegations in Paragraph 73 purport to characterize the Omnibus Amendment and Final Rule, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

74. The allegations in Paragraph 74 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

75. The allegations in the first sentence of Paragraph 75 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of Paragraph 75 are conclusions of law to which no response is required, and purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

76. The allegations of Paragraph 76 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

77. The allegations in Paragraph 77 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

78.     The allegations in Paragraph 78 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  Defendants further aver that the requirement that vessels issued Category A or B permits pay for at-sea monitoring on trips selected for industry-funded monitoring coverage has been delayed and will not occur any earlier than June 15, 2020.

### Count One

79.     Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 78 above.

80.     The allegations in Paragraph 80 are conclusions of law to which no response is required, and purport to characterize the Administrative Procedure Act ("APA") and the MSA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

81.     Defendants admit the allegation in the first sentence of Paragraph 81.  The allegations in the second sentence of Paragraph 81 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

82.     The allegations in Paragraph 82 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

83.     The allegations in Paragraph 83 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

84.     The allegations in Paragraph 84 and sub-paragraphs (a) and (b) are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

85.     The allegations in Paragraph 85 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

**Count Two**

86.     Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 85 above.

87.     The allegations in Paragraph 87 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

88.     The allegations in Paragraph 88 are conclusions of law, to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

89.     The allegations in Paragraph 89 are conclusions of law, to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

90.     The allegations in Paragraph 90 are conclusions of law, to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

91.     The allegations in Paragraph 91 are conclusions of law, to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

92.     The allegations in Paragraph 92 are conclusions of law, to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

93.     The allegations in Paragraph 93 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

94.     The allegations in Paragraph 94 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

95.     The allegations in Paragraph 95 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

96.     The allegations in Paragraph 96 are conclusions of law, to which no response is required, and purport to characterize the Omnibus Amendment and Final Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

97.     The allegations in Paragraph 97 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

## Count Three

98.     Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 97 above.

99.     The allegations in Paragraph 99 are conclusions of law, to which no response is required, and purport to characterize the Omnibus Amendment and Final Rule, which speak for

themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

100.     The allegations in Paragraph 100 are conclusions of law, to which no response is required, and purport to characterize the Omnibus Amendment and Final Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

101.     The allegations in Paragraph 101 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

### Count Four

102.     Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 101 above.

103.     The allegations in Paragraph 103 are conclusions of law, to which no response is required, and purport to characterize the MSA and the APA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

104.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 104, and deny them on that basis.  The allegations in the third sentence of Paragraph 104 purport to characterize the Omnibus Amendment and Final Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

105.     The allegations in Paragraph 105 are conclusions of law, to which no response is required, and purport to characterize the Final Rule and analyses prepared pursuant to the RFA,

19

which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

106.    The allegations in Paragraph 106 are conclusions of law, to which no response is required, and purport to characterize analyses prepared pursuant to the RFA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

107.    The allegations in Paragraph 107 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

## RESPONSE TO REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Request for Relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested in Prayer for Relief, including subparagraphs (A)-(I), or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified or denied herein.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs lack standing as to some or all of their claims.

3.    Some or all of the Plaintiffs' claims are barred by the doctrines of ripeness, laches, or failure to exhaust administrative remedies.

4.    Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

Dated: April 30, 2020                  Respectfully submitted,

                                       JEAN E. WILLIAMS,
                                       Deputy Assistant Attorney General
                                       SETH M. BARSKY, Chief
                                       MEREDITH L. FLAX, Assistant Chief

                                       /s/ Alison C. Finnegan
                                       Alison C. Finnegan, Senior Trial Attorney
                                       (Pennsylvania Bar No. 88519)
                                       U.S. Department of Justice
                                       Environment and Natural Resources Division
                                       Wildlife and Marine Resources Section
                                       Ben Franklin Station, P.O. Box 7611
                                       Washington, D.C. 20044-7611
                                       Tel: (202) 305-0500; Fax: (202) 305-0275
                                       alison.c.finnegan@usdoj.gov

                                       Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

_   /s/ Alison C. Finnegan_____