```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
RELENTLESS INC., et al.,            )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )    C.A. No. 20-108 WES
                                    )
U.S. DEP'T OF COMMERCE, et al.,     )
                                    )
        Defendants.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

In this suit, Plaintiffs Relentless Inc. ("Relentless"), Huntress, Inc. ("Huntress"), and Seafreeze Fleet LLC ("Seafreeze") (collectively, "Plaintiffs") seek a permanent injunction and declaratory judgment prohibiting Defendants[1] from enforcing an industry-funded at-sea monitor mandate on Atlantic herring fishermen, which was promulgated through the New England Fishery Management Council's Industry Funded Monitoring Omnibus Amendment ("IFM Amendment"), see 85 Fed. Reg. 7,414 (to be codified at 50 C.F.R. pt. 648), and the February 7, 2020 Final Rule ("Final

---

[1] Defendants to this suit are: the U.S. Department of Commerce; Wilber L. Ross, Jr., in his official capacity as Secretary of Commerce; National Oceanic and Atmospheric Administration ("NOAA"); Neil Jacobs, in his official capacity as Acting Administrator of NOAA; National Marine Fisheries Service, a/k/a NOAA Fisheries; and Chris Oliver, in his official capacity as Assistant Administrator for NOAA Fisheries.

Rule"). Compl. 1, ECF No. 1. Defendants move to transfer this action to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1404, where they state they intend to move to consolidate this case with Loper Bright Enterprises v. Department of Commerce, C.A. No. 20-466 (D.D.C.), which also challenges the IFM Amendment and Final Rule.

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). In evaluating the appropriateness of a transfer of venue, courts weigh the private interests of litigants and public interest factors. See Piper Aircraft v. Reyno, 454 U.S. 235, 241 n.6 (1981). Courts have broad discretion in ruling on motions to transfer, but, in so doing, must consider the "strong presumption in favor of the plaintiff's choice of forum . . . ." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). The moving party bears the burden of showing transfer is warranted. Id.

Here, Defendants argue the Court should transfer the case because (1) transfer serves the interests of justice; (2) the first-filed rule favors transfer because an identical suit was filed in a different jurisdiction first; (3) this action could have been brought initially in the U.S. District Court for the District of Columbia; and (4) transfer serves the convenience of

2

the parties.  See generally Mem. of Law in Supp. of Defs.' Mot. to Transfer Venue to the District of Columbia, ECF No. 10-1.  Although Plaintiffs concede that the U.S. District Court for the District of Columbia is a possible alternative forum, Plaintiffs' choice of forum carries the day here.

First, the Loper suit is not identical because Plaintiffs assert various factual and legal differences, the significance of which are yet to be litigated; accordingly, the first-filed rule does not apply.  Second, the Court is not convinced that Plaintiffs would not be inconvenienced if this matter were transferred. Plaintiffs contend that they will proffer evidence beyond the administrative record; indeed, the crux of their claim is that their unique fishing styles make the IFM Amendment particularly burdensome and costly for their vessels.  See Compl. ¶¶ 9-11, 61. Plaintiffs reside and operate in Rhode Island and Massachusetts, rendering the instant venue more convenient than the District of Columbia.

Finally, Defendants contend that consolidation would serve the interests of justice because coordinated proceedings would eliminate the possibility of conflicting orders and unnecessary costs due to the duplication of efforts.  This concern is overstated.  The Loper suit seemingly contains differences of both law and fact, and this Court may very well have the benefit of the decision on the cross-motions for summary judgment pending in Loper

3

before deciding similar motions here.  See Docket, Loper, C.A. No. 20-466 (D.D.C.).  Accordingly, judicial economy would not be greatly served by transferring this matter.

For the foregoing reasons, Defendants' Motion to Transfer Venue, ECF No. 10, is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: August 25, 2020