# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **RELENTLESS INC.**, et al. | : | |
| *Plaintiffs*, | : | |
| v. | : | Case No. 1: 20-cv-00108-WES-PAS |
| | : | |
| | : | **PLAINTIFFS' WRITTEN** |
| **U.S. DEPARTMENT OF COMMERCE,** | : | **STATEMENT** |
| et al. | : | |
| *Defendant*s. | : | |

Plaintiffs Relentless Inc. ("Relentless"), Huntress Inc. ("Huntress"), and Seafreeze Fleet LLC ("Seafreeze") hereby submit their written statement as directed by this Court's notice of telephonic conference on August 27, 2020 ("the Notice"), ECF No. 16.[1] On Friday August 28, 2020, Plaintiffs' and Defendants' counsel conferred on the issues addressed in the Notice. This Written Statement summarizes the facts of the case and identifies the key legal issues that are likely to arise.

## FACTS

The Plaintiffs in this matter are companies that own and operate high-capacity freezer trawlers that fish across the jurisdictional boundaries of the New England Fishery Council ("NEFMC") and Mid-Atlantic Fishery Management Council ("MAFMC"), and have done so for decades. These vessels are permitted to harvest federally managed species including Atlantic herring, squids, Butterfish, and Atlantic mackerel. Unlike other members of the Atlantic herring fishery, Plaintiffs use unique on-board, at-sea, freezing technique and equipment. The Defendants are agencies and agency leaders who are responsible for the management of the Nation's fisheries and, particularly, the Atlantic herring fishery. For years, Defendants have required fishery observers to assess catch and by-catch by vessels

---

[1] The Notice asked for the written statement seven days before hearing but given the hearing is September 3, 2020 this was impossible.

operating in certain NEFMC-managed fisheries. As agents of the federal government, these observers are paid by the federal government. Unfortunately, not content with the funds Congress has provided for the purpose, Defendants issued the February 7, 2020 Final Rule ("Final Rule"), *see* 85 Fed. Reg. 7,414 (to be codified at 50 C.F.R. pt. 648), implementing the NEFMC's Industry-Funded Monitoring Omnibus Amendment ("IFM Amendment"), and IFM Amendment. The Final Rule provides that "at-sea monitors" are placed on Atlantic herring vessels at the Defendants' discretion. The Final Rule also provides that the Plaintiffs must contract directly with these Defendants-approved at-sea monitoring provider companies for the privilege of having their operations watched by the federal government.

## LEGAL ISSUES

The Four Counts of the Complaint are for violations of the Magnuson Stevens Act ("MSA"), the Administrative Procedure Act ("APA"), and the Regulatory Flexibility Act ("RFA"), and separation of powers under the Constitution of the United States as Plaintiffs allege that an executive branch agency has exceeded Congressionally delegated powers. The key legal issues are:

1. Under the MSA, does the statute allow an agency to require permitted vessel operators in the Atlantic herring fishery to pay for at-sea monitors, *i.e.* industry-funded mandates, the agency desires but Congress has neither authorized nor appropriated funds to carry it out.

2. Under the APA, whether the Defendants' actions in issuing the Final Rule implementing the IFM Amendment was arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law, or was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right or without observance of procedure required by law.

3. Under the RFA, whether the Defendants' failed to consider and address the unique circumstances and requirements of Plaintiffs' fishing method in violation of the RFA.

4.  Under the U.S. Constitution, whether the industry-funded at-sea monitoring program exceeds congressionally granted authority and power, and whether an agency can force businesses into a market they do not wish to enter.

5.  A collateral issue that the parties conferred over but that may come up is whether the administrative record in this case is complete or needs to be either completed or supplemented.

Dated: August 31, 2020                                             Respectfully submitted,

/s/_____
Kevin J. Holley, Esq. #4639
Holley Law LLC
33 College Hill Road, Ste. 25C
Warwick, RI 02886
Phone: (401) 521-2622
kevin@holleylawllc.com

/s/   John J. Vecchione
John J. Vecchione (admitted *pro hac vice*)
Kara Rollins (admitted *pro hac vice*)
New Civil Liberties Alliance
1225 19th Street NW, Ste. 450
Washington, DC 20036
Phone: (202) 869-5210
john.vecchione@ncla.legal
kara.rollins@ncla.legal

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31st, 2020, I electronically filed the foregoing Plaintiffs' Written Statement using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ John J. Vecchione