IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RELENTLESS, INC., et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 1:20-cv-00108-WES-PAS |
| U.S. DEPARTMENT OF COMMERCE, et al., | : **DEFENDANTS' RULE 16 STATEMENT** |
| Defendants. | : |

Pursuant to the Court's August 27, 2020 Rule 16(b) Scheduling Conference Notice (ECF 16), Defendants submit the following statement as required by the Court's Notice, "to summarize the facts of the case and identify any legal issues which may arise."

## SUMMARY OF FACTS

The Magnuson-Stevens Fishery Conservation and Management Act ("MSA") establishes federal jurisdiction over fishery resources within the United States' exclusive economic zone. 16 U.S.C. §§ 1801(a)(6), 1811(a). Congress passed the MSA "to take immediate action to conserve and manage the fishery resources found off the coasts of the United States. . ." and "to promote domestic commercial and recreational fishing under sound conservation and management principles. . . ." *Id.* § 1801(b)(1), (3).  To carry out these duties, the MSA created eight regional Fishery Management Councils, each of which prepares and submits fishery management plans ("FMPs") and plan amendments for each fishery under its authority that requires conservation and management. 16 U.S.C. § 1852(h)(1). The New England Fishery Management Council ("Council") is responsible for developing and recommending FMPs for fisheries in the Atlantic Ocean seaward of Maine, New Hampshire, Massachusetts, Rhode Island, and Connecticut, including the Atlantic herring fishery. *See id.* §§ 1852(a)(1)(A), 1852(h)(1).

In late 2018, the Council finalized an amendment establishing standards for developing and administering future industry-funded monitoring in its fishery management plans, and implementing industry-funded monitoring in the Atlantic herring fishery ("the Omnibus Amendment"). As to the Atlantic herring fishery, the Omnibus Amendment established an industry-funded monitoring program that is expected to reduce uncertainty around catch estimates by providing specified catch information through a 50% coverage target for monitoring coverage on vessels with Category A or Category B limited access herring permits. The Secretary of Commerce approved the amendment, and the National Marine Fisheries Service developed regulations to implement it that were finalized and published in the Federal Register on February 7, 2020. *See* 85 Fed. Reg. 7414 (Feb. 7, 2020). Plaintiffs are the owners of fishing vessels that participate in the Atlantic herring fishery. Their Complaint alleges that industry funding is unlawful (Count 1); the MSA does not authorize the industry-funding requirement (Count 2); the industry-funding requirement has forced Plaintiffs into a market in which they do not wish to participate (Count 3); and the industry-funding requirement violates the Regulatory Flexibility Act ("RFA"), 5 U.S.C. §§ 603, 604, (Count 4).

## LEGAL ISSUES

The industry-funding requirement complies with the MSA, the RFA, and the Administrative Procedure Act ("APA"), and is constitutional. The MSA specifically allows FMPs to include provisions for placing observers on vessels. 16 U.S.C. § 1853(b)(8). The MSA also requires that FMPs contain measures "necessary and appropriate" for the conservation and management of a fishery, and authorizes FMPs to "prescribe such other measures, requirements, or conditions and restrictions as are determined to be necessary and appropriate for the conservation and management of the fishery." *Id.* §§ 1853(a)(1)(A), 1853(b)(14). Further, the

Council has a responsibility to "specify the pertinent data which shall be submitted to the Secretary, including, but not limited to, information regarding the type and quantity of fishing gear used, catch by species in numbers of fish or weight thereof... ."  16 U.S.C. § 1853(a)(5).  Thus, the placement of at-sea monitors on vessels is specifically allowed by the MSA as a conservation and management measure, and it is therefore appropriate for vessels participating in the fishery to bear the cost of complying with that conservation and management measure.  Further, as Defendants shall show, the agency complied with the RFA by preparing initial and final regulatory flexibility analyses that tracked, section by section, the required statutory provisions.

The MSA and the RFA incorporate the review provisions of the APA, 5 U.S.C. § 706, which "accords great deference to agency decision-making." *N. Wind v. Daley*, 200 F.3d 13, 17 (1st Cir. 1999); *see also AML Int'l v. Daley*, 107 F. Supp. 2d 90, 96 (D. Mass. 2000).  Accordingly, this case should be decided according to the scope and standard of review set forth in the APA. Judicial review of Plaintiffs' claims is limited to the administrative record, and the Court should determine agency compliance with the law solely on the record on which the decision at issue was made. 5 U.S.C. § 706; *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419 (1971). As there are no facts to resolve, summary judgment "thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Hosp. of Univ. of Pa. v. Sebelius*, 634 F. Supp. 2d 9, 13 (D.D.C. 2009).  As long as the administrative record shows that the agency "considered the relevant factors and articulated a rational connection between the facts found and the choice made," its action must be upheld. *Baltimore Gas & Elec. Co. v. Nat. Res. Def. Council*, 462 U.S. 87, 105 (1983) (citation omitted).

On August 28, 2020, counsel for the parties conferred on the issues listed in the Court's

Notice as well as a framework for resolving any disputes regarding the content of the administrative record and merits briefing. The parties intend to prepare a joint proposed schedule for the Court's consideration.

Dated: August 31, 2020

Respectfully submitted,

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

/s/ Alison C. Finnegan
Alison C. Finnegan, Senior Trial Attorney
(Pennsylvania Bar No. 88519)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
alison.c.finnegan@usdoj.gov

/s/ Kristine S. Tardiff
Kristine S. Tardiff
(New Hampshire Bar No. 10058)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Tel: (603) 230-2583; Fax (603) 225-1577
kristine.tardiff@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

    /s/ Alison C. Finnegan